IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP L. STIMAC, | No. C 10-02216 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO STRIKE** |
| v. | |
| MELINDA HAAG, et al., | |
| Defendants. | |

Defendants have filed a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim, and plaintiff has filed a motion to strike portions of defendants' motion. These matters are currently set for oral argument on August 27, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Plaintiff's administrative motion to compel defendants' attendance at the hearing is therefore DENIED as moot. (Docket No. 27). The case management conference scheduled for August 27, 2010 at 2:30 p.m. is also VACATED.

Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendants' motion and DENIES plaintiff's motion.

**BACKGROUND**

Pro se plaintiff Philip Stimac filed this action on May 24, 2010 against Joseph Russoniello, the former United States Attorney for the Northern District of California,[1] as well as the United States

---

[1] Mr. Russoniello's successor in office, Melinda Haag, has been automatically substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

Department of Justice ("DOJ"). Plaintiff is a former attorney who was disbarred by order of the California Supreme Court on June 28, 2000. Def. RJN Ex. 2.[2] The State Bar recommended plaintiff's disbarment due to his filing of a series of "unjust and frivolous" lawsuits against various federal officials. Def. RJN Ex. 1, at 2-6. The State Bar Court, relying in part on the findings of a federal court which had previously dismissed one of plaintiff's lawsuits and imposed Rule 11 sanctions against him, found that plaintiff's suits were malicious, filed in bad faith with the purpose of harassing the defendants, based on unfounded claims, and disrespectful to the courts. *Id.* at 8-9.

In the present complaint, plaintiff alleges that defendants failed to investigate his contention that the State Bar disbarred him because of his disability, in violation of the Americans with Disabilities Act ("ADA"). Complaint ¶ 2. Plaintiff alleges that he filed an ADA complaint with "the San Jose Office of the U.S. Attorney," and initially engaged in correspondence with Russoniello during which "Russoniello . . . *personally* assured plaintiff his complaint would be fully and fairly investigated." *Id.* ¶¶ 3, 10 (original emphasis). Plaintiff then alleges that after Russoniello and the other defendants "discovered two serious conflicts of interest" – namely the fact that plaintiff was complaining about the State Bar, of which Russoniello is a member, and about various employees of federal agencies in the Northern District of California, whom Russoniello represents – defendants "began stonewalling plaintiff by passing his complaint to subordinates who took no action on it." *Id.* ¶¶ 13-14. Plaintiff states that he filed a complaint against Russoniello with the State Bar "for failing to act competently, etc." *Id.* ¶ 15. According to plaintiff, "Russoniello's agency and the State Bar entered into a secret sweetheart deal" pursuant to which "Russoniello would terminate his investigation of plaintiff's ADA complaint and the State Bar would dismiss [plaintiff's complaint] against Russoniello." *Id.* ¶ 17.

Plaintiff's first cause of action seeks a writ of mandamus compelling the U.S. Attorney to meet

---

[2] Defendants' request for judicial notice of the California Supreme Court's disbarment decision and the State Bar Court's decision and recommendation is GRANTED, and plaintiff's objection to these documents is overruled. The Court finds these matters appropriate for consideration under Federal Rule of Evidence 201. *See White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (court may take judicial notice of "state bar records reflecting disciplinary proceedings"). Conversely, the Court DENIES plaintiff's two requests for judicial notice. Plaintiff asks the Court to take notice of argumentative statements such as "Defendant's Federal Agency Is Involved In A Scheme Which Includes The Theft Of Plaintiff's Incriminating Pleadings To Keep Them Out Of The Hands Of The Media." Pltf. RJN, Set Two, at 1. Such statements are not judicially noticeable.

1 with plaintiff and investigate and attempt to resolve his ADA complaint. He asserts that unless the
2 Court issues a writ of mandamus, he "will be denied his constitutional right to practice law for
3 attempting to blow the whistle on dereliction by Russoniello and others who enforce ADA." *Id.* ¶ 23.
4 He alleges that he is continuing to suffer irreparable harm due to the suspension of his ability to practice
5 law. *Id.* ¶¶ 31-34. Plaintiff also alleges that defendants' alleged failure to investigate his complaint
6 concerning the basis for his disbarment has chilled plaintiff's speech and his right to petition the
7 government for redress of his grievances, in violation of his rights under the First Amendment, and has
8 denied him his rights to due process and equal protection. *Id.* ¶¶ 25, 29-30.

9 Plaintiff's second cause of action, against the DOJ, is brought under the Freedom of Information
10 Act ("FOIA"). Plaintiff has attached to his complaint a copy of a letter he sent to the U.S. Attorney's
11 office on March 5, 2010, requesting production of any documents (1) giving the "DOJ the right to
12 maliciously abandon an intended congressional beneficiary of the Americans With Disabilities Act" and
13 (2) revealing "if this is the official policy of President Barack Obama." Complaint Ex. N. He alleges
14 that the DOJ "deliberately and maliciously failed to produce a single document" in response to his
15 request. Complaint ¶ 46.

16 Presently before the Court are defendants' motion to dismiss the complaint under Federal Rules
17 of Civil Procedure 12(b)(1) and 12(b)(6), and plaintiff's motion to strike portions of the motion to
18 dismiss under Federal Rule of Civil Procedure 12(f).

19
20 **LEGAL STANDARDS**
21 **1. Federal Rule of Civil Procedure 12(b)(1)**
22 Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction
23 over the subject matter of the complaint. As the party invoking federal jurisdiction, the plaintiff bears
24 the burden of establishing that the court has jurisdiction to grant the relief requested. *Kokkonen v.*
25 *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994) (citation omitted). A complaint will be
26 dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially"
27 or "factually." *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 733 (9th Cir.1979).
28

3

### 2.     Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where the petitioner is pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### 3.     Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or upon a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). However, motions to strike are generally disfavored. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal.

4

2001). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

## DISCUSSION

**1.     Defendants' motion to dismiss**

    **A.     Mandamus**

Defendants move to dismiss plaintiff's mandamus claim on two grounds. First, defendants assert that the Court lacks subject matter jurisdiction over plaintiff's claims because defendants are immune from suit. Second, defendants argue in the alternative that plaintiff has failed to state a claim.

The Court agrees with defendants that plaintiff's mandamus claim must be dismissed. As defendants point out, the United States "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). An action seeking injunctive relief against a federal officer in his official capacity amounts to an action against the United States, and is therefore barred unless permitted by an express waiver. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949). Plaintiff seeks relief under the Mandamus Act, which grants district courts original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Mandamus Act's grant of jurisdiction over mandamus actions does not, however, constitute a waiver of sovereign immunity. *Pit River Home & Agric. Co-op Ass'n v. United States*, 30 F.3d 1088, 1098 n.5 (9th Cir. 1994). Plaintiff has identified no other basis, whether in the ADA, its implementing regulations, or any other authority, for waiving the United States' sovereign immunity in this case.

Additionally, even if plaintiff could invoke this Court's subject matter jurisdiction, plaintiff would not be entitled to mandamus relief. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). Plaintiff

seeks to compel the U.S. Attorney to meet with him and to investigate his ADA complaint against the State Bar. The Court agrees with defendants that plaintiff's ADA claim is far from "clear and certain," and that the supposed duties which plaintiff seeks to compel are related to the U.S. Attorney's discretionary decision whether and how to investigate and prosecute alleged ADA violations. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion. This recognition of the existence of discretion is attributable in no small part to the general unsuitability for judicial review of agency decisions to refuse enforcement.") (citations omitted).

Plaintiff's first cause of action for mandamus relief must therefore be DISMISSED. Because the deficiencies in the complaint cannot be cured by amendment, the dismissal is without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. FOIA

Plaintiff's second cause of action asserts a FOIA claim against the DOJ. Plaintiff does not address his FOIA claim in his opposition to the motion to dismiss, and indeed states that the "one simple issue" posed by this case is whether "Defendant Russoniello process[ed] plaintiff's ADA complaint in accordance with his duties." Oppo. at 2. Accordingly, the Court concludes that plaintiff has abandoned his FOIA claim and DISMISSES the claim without leave to amend.

### 2. Plaintiff's motion to strike

Plaintiff has moved to strike (1) the section of the motion to dismiss addressing plaintiff's FOIA claim and (2) the entirety of defendants' request for judicial notice. As an initial matter, plaintiff's motion to strike is untimely. Federal Rule of Civil Procedure 12(f) states that a motion to strike must be filed "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Plaintiff was served with the motion to dismiss and the request for judicial notice on June 24, 2010, but did not file the motion to strike until August 10, 2010, well outside the time period permitted under the Rule. Additionally, plaintiff's motion does not identify a legitimate basis for striking the challenged materials. First, plaintiff argues that defendant's arguments regarding the FOIA claim must be stricken because

the DOJ has not yet been served with the complaint and summons, and the Court therefore cannot consider a motion to dismiss a claim against that defendant. However, the Assistant U.S. Attorney assigned to this case is representing both the U.S. Attorney and the DOJ, and therefore may bring a motion on behalf of both of these defendants. Second, plaintiff argues that the materials submitted with defendants' request for judicial notice are "bogus and consist of evidence known to be fabricated." Mot. to Strike at 4. There is no basis for these inflammatory statements, and as the Court has already explained, the State Bar records submitted by defendants are appropriate for judicial notice. *See White*, 601 F.3d at 885. The motion to strike is therefore DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, defendants' motion to dismiss is GRANTED and the complained is hereby DISMISSED without leave to amend. (Docket No. 5). Plaintiff's motion to strike is DENIED. (Docket No. 22). All other pending motions are terminated

**IT IS SO ORDERED.**

Dated: August 25, 2010

SUSAN ILLSTON
United States District Judge