**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHILIP L. STIMAC,

    Plaintiff,

v.

MELINDA HAAG, ET AL.,

    Defendant.

No. C 10-02216 SI

**ORDER DENYING PLAINTIFF'S PETITION FOR AN ORDER OF MANDAMUS AND DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**

Plaintiff has filed a petition for an order of mandamus and a motion for Rule 11 sanctions. These matters are currently set for oral argument on October 1, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing.

Having considered the papers submitted, and for good cause shown, the Court hereby DENIES both of Plaintiff's motions.

**BACKGROUND**

Pro se plaintiff Philip Stimac filed this action on May 24, 2010 against Joseph Russoniello, the former United States Attorney for the Northern District of California,[1] as well as the United States Department of Justice ("DOJ"). Plaintiff is a former attorney who was disbarred by order of the California Supreme Court on June 28, 2000. Def. RJN Ex. 2. The State Bar recommended Plaintiff's disbarment due to his filing of a series of "unjust and frivolous" lawsuits against various federal

---

[1] Mr. Russoniello's successor in office, Melinda Haag, has been automatically substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

officials. Def. RJN Ex. 1, at 2-6. The State Bar Court, relying in part on the findings of a federal court which had previously dismissed one of Plaintiff's lawsuits and imposed Rule 11 sanctions against him, found that Plaintiff's suits were malicious, filed in bad faith with the purpose of harassing the defendants, based on unfounded claims, and disrespectful to the courts. *Id.* at 8-9.

In this case, Plaintiff alleged that Defendants failed to investigate his contention that the State Bar disbarred him because of his disability, in violation of the Americans with Disabilities Act ("ADA"). Complaint ¶ 2. According to Plaintiff, "Russoniello's agency and the State Bar entered into a secret sweetheart deal" pursuant to which "Russoniello would terminate his investigation of plaintiff's ADA complaint and the State Bar would dismiss [Plaintiff's complaint] against Russoniello." *Id.* ¶ 17.

This case has been closed. Plaintiff's previous request for an order of mandamus was dismissed because (1) the Court lacked subject matter jurisdiction, as the suit against former United States Attorney Russoniello was barred by sovereign immunity, and (2) Plaintiff failed to state a claim upon which relief could be granted, as he is not entitled to mandamus relief. Plaintiff's Freedom of Information Act ("FOIA") claim against the DOJ was dismissed because Plaintiff abandoned the claim.

Presently before the Court are Plaintiff's Petition for an Order of Mandamus and Motion for Rule 11 Sanctions. Defendant has not filed a response to these matters.

**LEGAL STANDARDS**

**1.    Petition for Mandamus**

    **A.    Writ of Mandamus**

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

    **B.    Sovereign Immunity**

The United States "is immune from suit save as it consents to be sued, and the terms of its

2

consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). An action seeking injunctive relief against a federal officer in his official capacity amounts to an action against the United States, and is therefore barred unless permitted by an express waiver. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687-88 (1949). The All Writs Act, 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."), does not constitute a waiver of sovereign immunity. *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1281 (D. Colo. 2009); *Hall v. Richardson*, No. CIV-95-1907-PHX-ROS, 1997 WL 242765, at *2 (D. Ariz. Feb. 21, 1997); *Muir v. Richardson*, No. CIV-95-1791-PHX-ROS, 1996 WL 745244, at *2 (D. Ariz. Sept. 30, 1996); *Benvenuti v. Dep't. of Def.*, 587 F. Supp. 348, 352 (D.D.C. 1984).

### 2. Motion for Sanctions

Under Federal Rule of Civil Procedure 11, a court may impose sanctions against an attorney, law firm, or party when a complaint is filed for an improper purpose such as harassment or delay, when the claims in the complaint are unwarranted under either existing law or a nonfrivolous argument for extension of the law, or when the allegations in the complaint are without evidentiary support and unlikely to have evidentiary support after further investigation and discovery. Fed. R. Civ. P. 11(b) & (c). "Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact,' has a colorable basis in law, and is not filed for an improper purpose." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994). When evaluating whether a complaint is frivolous or without evidentiary support, the "district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotation marks and citation omitted). A violation of Rule 11 need not be intentional, and may result from an attorney's inexperience or incompetence. *See Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987).

**DISCUSSION**

**1.     Plaintiff's Petition for an Order of Mandamus**

Pursuant to the All Writs Act, Plaintiff requests that the Court order Defendants to present evidence of unspecified violations of Title 18 by the San Francisco U.S. Attorneys Office and State Bar of California to the Grand Jury.  He argues that 18 U.S.C. 3332(a) imposes a mandatory duty on prosecutors to present matters to a Grand Jury upon request from any person, because such a duty is non-discretionary, non-delegable, and ministerial.

As Defendants argued in their previous Motion to Dismiss, however, the Court lacks subject matter jurisdiction for this claim because the suit is bared by sovereign immunity.  Plaintiff incorrectly argues that the All Writs Act operates as a waiver of sovereign immunity.  Plaintiff has identified no other basis, whether in the ADA, its implementing regulations, or any other authority, for waiving the United States' sovereign immunity in this case.

Plaintiff's Petition for an Order of Mandamus is therefore DENIED.

**2.     Plaintiff's Motion for Rule 11 Sanctions**

Plaintiff requests that the Court impose sanctions on Defendants pursuant to Rule 11.  Plaintiff argues that Defendants' Motion to Dismiss (1) lacks evidentiary support, (2) is frivolous because it argues for the dismissal of the case based on lack of subject matter jurisdiction and failure to state a claim, rather than address the merits of Plaintiff's arguments, (3) offers an argument for lack of subject matter jurisdiction that is "far-fetched" and "ridiculous," Pl. Mot. for Rule 11 Sanctions, at 12, and (4) was filed for the improper purposes of harassing and delaying Plaintiff.

None of these arguments have merit.  First, as noted in the Court's previous Order Granting Defendants' Motion to Dismiss and Denying Plaintiff's Motion to Strike ("Order"), there is no basis for Plaintiff's claim that Russoniello has submitted fabricated evidence to the court.  Second, Defendants properly decided to argue in their Motion to Dismiss that the Court should dismiss the case due to lack of subject matter jurisdiction and failure to state a claim.  It is well-established that a lack of subject matter jurisdiction bars a court from hearing a case, Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."), and a plaintiff's

4

failure to state a claim prevents a court from hearing evidence for that claim, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint, . . . [t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Third, Defendants' argument that the Court lacked subject matter jurisdiction had merit, as this Court found when it ruled that it lacked subject matter jurisdiction in its previous Order. Fourth, there is no evidence that Defendants filed their Motion to Dismiss for improper purposes. Defendants filed their Motion to Dismiss only in response to Plaintiff's initiation of this lawsuit.

Plaintiff's Motion for Rule 11 Sanctions must therefore be DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's Petition for an Order of Mandamus (Docket No. 30) and Motion for Rule 11 Sanctions (Docket No. 32) are both DENIED.

**IT IS SO ORDERED.**

Dated: September 29, 2010

SUSAN ILLSTON
United States District Judge