IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP L. STIMAC, | No. C 10-02216 SI |
| Plaintiff, | **ORDER RE: PLAINTIFF'S MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL** |
| v. | |
| JOSEPH RUSSONIELLO, ET AL., | |
| Defendant. | |

On August 25, 2010, the Court issued an order granting defendants' motion to dismiss and denying plaintiff's motion to strike, which concluded by stating that "All other pending motions are terminated." Doc. 42. The Court entered judgment the same day. Doc. 43. On September 29, 2010, the Court issued an order denying plaintiff's petition for an order of mandamus and denying plaintiff's motion for Rule 11 sanctions. Doc. 46. Plaintiff's petition and motion had been pending when the Court entered judgment in the case. On October 29, 2010, plaintiff filed this motion to extend time to file a notice of appeal.

In a case such as this, where an officer of the United States is a party, plaintiff had 60 days to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B). In this case, that was Monday, October 25, 2010. A district court is permitted to extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed expires. Fed. R. App. P. 4(a)(5)(A)(I). In this case, the motion needed to be filed by November 24, 2010, which it was. Where the motion is filed after the time prescribed to file a notice of appeal, notice must be given to the other parties in accordance with local rules. Fed. R. App. P. 4(a)(5)(B). Here, plaintiff served a copy of his motion on defendants. *See* Doc. 48 at 3 (Proof of Service). No extension may exceed 30 days after the prescribed time or 15 days after the date when the order grating the motion is entered, whichever is later. Fed. R. App. P. 4(a)(5)(C). In this case, that is November 24, 2010.

Where a motion to extend time is filed after the notice of appeal would otherwise be due, the Court may grant the motion if the moving party can show "excusable neglect." *See Mendez v. Knowles*, 556 F.3d 755, 764 (9th Cir. 2009) (explaining that a court may only grant a motion for "good cause" if it was filed before the expiration of the time to file a notice of appeal). In evaluating whether neglect is excusable, a district court must consider the four factors established by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993): "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing Pioneer, 507 U.S. at 395). "'[E]xcusable neglect' . . . is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *Pioneer*, 507 U.S. at 391. The Ninth Circuit has "declined to give primary weight to any one of the *Pioneer* factors, concluding that 'the weighing of *Pioneer*'s equitable factors' must be left 'to the discretion of the district court in every case.'" *Mendez*, 556 F.3d at 765 (quoting *Pincay*, 389 F.3d at 860).

Here, the Court issued an order after judgment, regarding a motion that was purportedly vacated, and regarding a petition that was not specifically addressed in the judgment. Plaintiff is proceeding pro se in this matter. Therefore, factor three weighs in favor of granting plaintiff's motion. Moreover, the case itself has only been moving through the federal court system since May of 2010, and the Court is not concerned that a slight extension of time for plaintiff to file an appeal will have a negative impact on the judicial proceedings or will otherwise prejudice defendants. Therefore, plaintiff's motion is GRANTED. (Doc. 48.) Plaintiff has until **November 24, 2010** to file a notice of appeal in this case.

**IT IS SO ORDERED.**

Dated: November 1, 2010

SUSAN ILLSTON
United States District Judge